UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CENTRAL BOAT RENTALS, INC.** | * | |
| | * | **CIVIL ACTION NO.** |
| **VERSUS** | * | |
| | * | **JUDGE** |
| **SHAWN D. BROWN** | * | |
| | * | **MAGISTRATE** |

## COMPLAINT FOR DECLARATORY JUDGMENT

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

COMES NOW, by and through undersigned counsel, Central Boat Rentals, Inc. who seeks a Declaratory Judgment against Shawn D. Brown and, in support thereof, avers as follows:

1.

Plaintiff Central Boat Rentals, Inc. ("Central Boat Rentals") is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business in Berwick, Louisiana.

2.

Defendant Shawn D. Brown ("Brown") is a person of full age and majority and a resident of St. Joseph, Louisiana.

3.

This is an action for declaratory judgment brought pursuant to 28 U.S.C. §§ 2201 - 2202 and F.R.C.P. 57 regarding whether Central Boat Rentals owes maintenance and cure to Brown.

4.

The Court has jurisdiction over this dispute under 28 U.S.C. § 1333 because the dispute concerns the rights of a shipowner and a seaman under the General Maritime Law.

5.

An actual controversy exists between the parties with respect to a demand for maintenance and cure made by Brown against Central Boat Rentals. Brown has engaged counsel in connection with this demand.

6.

Brown was employed by Central Boat Rentals as pilot aboard its vessel M/V CAPTAIN RAPHAEL.

7.

On or about October 14, 2019, Brown reported that he was experiencing pain in his neck and shoulder. He does not relate the pain to any specific incident but asserts that the pain may be related to difficulty moving the vessel's steering apparatus.

8.

Brown has received a surgical recommendation for a three level corpectomy of his neck at the C4, C5, and C6 level with a C3 to C7 level fibular strut and anterior cervical plate.

9.

However, there is a dispute among physicians who have examined Brown as to the nature and extent of his neck condition and whether his neck condition requires surgery and, if he requires surgery, the type of surgery required.

10.

There is a dispute as to whether, and to what extent, Brown's neck condition pre-existed his employment with Central Boat Rentals.

11.

To the extent Brown had a pre-existing injury to, or defect of, his neck that he did not disclose during the pre-employment process with Central Boat Rentals, Brown may not be entitled to maintenance and cure benefits pursuant to McCorpen v. Central Gulf. S.S. Corp.

12.

In light of the forgoing, Central Boat Rentals seeks a determination from this Honorable Court that it is not obligated to provide maintenance and cure to Brown for his alleged neck condition and that Central Boat Rentals is not acting in bad faith.

13.

WHEREFORE, Central Boat Rentals, Inc. respectfully prays that this Honorable Court grant judgment in its favor; that Central Boat Rentals, Inc. is not obligated to provide maintenance and cure to Shawn D. Brown for his alleged neck injury including the obligation to pay for a three-level corpectomy; that Central Boat Rentals, Inc. has not acted arbitrarily, capriciously, or unreasonably in refusing to pay for the suggested surgery; and for all other equitable or general relief to which Central Boat Rentals, Inc. may be entitled.

        Respectfully submitted,

        /s/ Cindy Galpin Martin

        _____
        RUFUS C. HARRIS, III (#6638)
        ALFRED J. RUFTY, III (#19990)
        CINDY GALPIN MARTIN (#25159)
        HARRIS & RUFTY, L.L.C.
        650 Poydras Street, Suite 2710
        New Orleans, Louisiana 70130
        Telephone:  (504) 525-7500
        Facsimile:   (504) 525-7222
        Attorneys for Central Boat Rentals, Inc.

**PLEASE SERVE**
Shawn D. Brown
through his attorney of record:
George P. Vourvoulias
Harmon, Smith & Vourvoulias
400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130